## 9577

### STATE v. HAMPTON.

#### (91 S. E. 315.)

1. INTOXICATING LIQUORS — SALE — NATURAL RIGHT.—In view of the statutory declaration that all alcoholic liquors are detrimental and their use against the morals, good health, and safety of the State, no man has a natural right to sell intoxicating liquors, and it is not error for the Court so to instruct the jury.

2. CRIMINAL LAW—INSTRUCTIONS—BURDEN OF PROOF.—A charge that, where a man is chargeable with the sale of intoxicating liquors, if the burden of proof has been sustained by· the State as later charged, he can justify himself only by showing that he made the sale in the manner authorized by law, is not objectionable as relieving the State of the burden of proving the facts charged.

3. CRIMINAL LAW—APPEAL—HARMLESS ERROR.—Defendant accused of selling intoxicating liquor is not prejudiced by the refusal of the Court to reread to the jury on their request the testimony of a witness as to sales made by accused and for which he had been convicted.

4. CRIMINAL LAW — APPEAL — REVIEW — WEIGHT OF EVIDENCE.—In a criminal case, the Supreme Court cannot consider questions affecting the weight of the evidence, which is a matter for the trial Judge alone.

5. CRIMINAL LAW — APPEAL — QUESTION PRESENTED — MOTION FOR NEW TRIAL—STRIKING EVIDENCE.—Refusal of the trial Court to hear the motion for new trial, on the ground of error in not striking the testi-

mony of a witness, does not require a reversal, where the record does not show that a motion to strike was made, or that the Court refused to hear the motion for new trial.

6. CRIMINAL LAW—APPEAL—EXCEPTIONS—STATEMENT—NECESSITY.—The rule requiring facts stated in an exception to be based on an independent statement of those facts in the case is not merely technical, but should be strictly enforced in a criminal case.

Before HON. W. B. GRUBER, special Judge, Union, May, 1915.   Affirmed.

C. H. Hampton was convicted of unlawfully selling liquor, keeping a place where liquor was sold, etc., and he appeals.

*Mr. Macbeth Young,* for appellant, cites: *As to issue on plea of not guilty:* 85 S. C. 268, 269, 271; 28 S. C. 225. *Charge:* 31 S. C. 235. *Duty to read transcript of evidence to jury:* 61 Ill. 365; 32 How. St. Tr. 1, 672; 23 How. St. Tr. 1013, 1054; 29 La. Ann. 715; 115 Ala. 1; 94 Ark. 343; 27 Colo. 396; 82 Conn. 59; 91 Ga. 167; 144 Ind. 240; 172 Ill. 582; 93 Ky. 578; 14 Ky. 517; 66 Neb. 497; 53 N. J. L. 260; 70 Ohio St. 380; 73 Vt. 149; 102 Va. 927; 64 W. Va. 668.   *Effect of refusal on jury:* 1 Mills 1; 85 S. C. 266.

*Mr. T. H. Munro,* also for appellant, cites: *As to common law right to sell liquors:* 1 Saunders 216.   *Statutory change:* 87 S. C. 442.

*Mr. Solicitor Hill* and *Mr. John K. Hamblin,* for respondent, cite: *As to issue for jury:* 86 S. C. 528; 104 S. C. 419; 98 S. C. 273; 99 S. C. 417 and 432.   *Grounds urged for first time on motion for new trial:* 83 S. C. 271; 86 S. C. 539; 88 S. C. 87.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was charged with the sale of liquor, keeping a place where liquor was sold, keeping a place where people were allowed to resort for the purpose of drinking liquor, storing liquor and transporting liquor. He was tried and convicted. The verdict was a general verdict of guilty, which included all the offenses charged. The defendant appealed.

1. The first exception complains of error in charging the jury that "no one has a natural or inherent right to sell liquor." The appellant claims that a man has the natural right to deal with his own as he pleases, and this includes the right to sell intoxicating liquor. The right to use our own is limited so as to forbid us to use our own in such a way as to injure others. Our statutes declare all alcoholic liquors are detrimental, and their use against the morals, good health and safety of the State. Whatever a man may think of the sale of liquor, in the face of this statute (Cr. Code 1912, sec. 794, *et seq.*), the Courts cannot hold that a man has the natural right to do that which the law declares to be against the morals, good health, and safety of the State. A man may have the right to burn his house, if isolated and uninsured, but no man has the right to burn his house if he thereby burns the houses of his neighbors. This position cannot be sustained.

2. The second error complained of is in the statement in the charge to the jury: "And, where a man is charged with the sale of liquor, he can justify or excuse himself only. I mean to say, if the burden of proof has been sustained by the State, as I will presently charge you, he can justify himself or excuse himself by showing that he made the sale in the manner authorized by law."

The appellant claims that this relieved the State of the proof of the facts charged and shut up the defendant to a justification. This overlooks the statement, "if the burden

of proof has been sustained by the State." His Honor charged the jury that the State was bound to prove the facts alleged. This position cannot be sustained

3. The appellant complains that his Honor erred in refusing to allow the testimony of the witness, Johnson, to be reread to the jury upon their request. That testimony was as to sales by the appellant and sales for which the appellant had been convicted. The exclusion could not have done the appellant any harm, and this exception cannot be sustained.

If there be a fourth exception, it is not in the record and cannot be considered.

4. The exception numbered 5 complains that:

"His Honor erred in refusing to hear a motion for a new trial upon the following grounds of fact, stating that the jury passed on same."

Grounds "a" and "b" refer to the "weight of the evidence. This Court cannot consider questions affecting the "weight of the evidence." That is a matter for the trial Judge.

Ground "c" complains that his Honor did not strike out the testimony of the witness, Johnson. The record does not show that there was a motion made to strike out the testimony of this witness, nor does it show that his Honor refused to hear the motion for a new trial.

The rule that requires the facts stated in an exception to be based upon an independent statement of those facts in the case is not merely technical. Great latitude is allowed in stating exceptions. The latitude is so great that the rule should be strictly enforced.

The judgment is affirmed.